IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KAMERON WHITE                                                                                    PETITIONER

v.                              NO. 4:20-cv-01205 SWW-PSH

LAFAYETTE WOODS, JR, and                                                         RESPONDENTS
STATE OF ARKANSAS

## FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Susan Webber Wright. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

On October 8, 2020, petitioner Kameron White ("White") began the case at bar by filing a pro se petition for writ of certiorari.[1] He failed, though, to accompany his petition with the filing fee or an application to proceed in forma pauperis. In the petition, he maintained that his Sixth Amendment right to a speedy trial is being violated because of the delay in bringing him to trial in Jefferson County Circuit Court case numbers 35CR-16-86 and 35CR-16-109. The facts supporting his claim are as follows:

> The defendant has been incarcerated for more than 19 months in 2016 and 2017. His public defender filed for speedy trial sometime in 2016, and defendant was released on bond in 2017. Arrested again in 2020. 5 Continuances in 2020, also another public defender. Charge is 4 years old. …

See Docket Entry 1 at CM/ECF 4. He asked that the charges against him be dismissed and he be immediately released from the custody of Jefferson County authorities.

The undersigned has reviewed White's petition and finds that it should not be served on the respondents. Instead, it should be summarily dismissed without prejudice.

---

[1] The Clerk of the Court filed the pleading as a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254.

The undersigned begins by making note of three matters. First, all pro se pleadings are to be liberally construed. See Haines v. Kerner, 404 U.S. 519 (1972). Second, although White filed his petition as one for a writ of certiorari, and the Clerk of the Court filed it as a petition pursuant to 28 U.S.C. 2254, the petition is "more appropriately categorized as a petition brought under 28 U.S.C. 2241." See Gadson v. Arkansas, 2020 WL 5268365, 1 (E.D.Ark. 2020) (Deere, M.J.), report and recommendation adopted, 2020 WL 5259439 (E.D.Ark. 2020) (Moody, J.). Last, if it plainly appears from the petition and court record that the petitioner is not entitled to relief, the petition must be dismissed. See Id. [citing Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court].

Setting aside White's failure to accompany his petition with the filing fee or an application to proceed in forma pauperis, it plainly appears from the petition and court records that he is not entitled to relief. The undersigned so finds for the following reasons.

First, 28 U.S.C. 2254(b) requires a petitioner to have exhausted his state remedies before filing a petition pursuant to 28 U.S.C. 2241. See Gadson v. Arkansas, supra (pre-trial detainee's challenge to alleged violation of speedy trial right) [citing Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Sacco v. Falke, 649 F.2d 634 (8th Cir.

3

1981)]. White has neither alleged nor shown that he exhausted his state remedies. In fact, the docket sheets in 35CR-16-86 and 35CR-16-109 reflect that on the day after he filed the petition at bar, he filed the identical petition in those cases. See https://caseinfo.arcourts.gov/cconnect/.[2] No disposition has been made on the petitions in those cases.

Second, federal courts must be "'conscious of the need to prevent perversion of the habeas corpus jurisdiction into a pretrial-motion forum for prisoners.'" See Gadson v. Arkansas, 2020 WL 5268365, 1 [quoting Wingo v. Ciccone, 507 F.2d 354, 357 (8th Cir. 1974)] "Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution." See Id.

White was charged in 35CR-16-86 and 35CR-16-109 in February of 2016. He was initially released on bond, but it appears that he had difficulty conforming his conduct to the terms of his pre-trial release. He filed multiple motions for continuances in the cases, and the trial dates were moved on several occasions. The trial dates were also moved so that

---

[2] "Case information is publicly available at 'CourtConnect' on the Arkansas Judiciary's homepage." See Gadson v. Arkansas, 2020 WL 5268365, 2, n.3. The undersigned may take judicial notice of "proceedings in other courts that relate directly to matters at issue." See Id., 2020 WL 5268365, 2, n.3 [quoting Great Plains Trust Co. v. Union Pacific R.R. Co., 492 F.3d 986, 996 (8th Cir. 2007)].

4

his fitness to proceed could be ascertained. When he failed to appear at an omnibus hearing in September of 2017, warrants for his arrest were issued. The docket sheets are silent for the period between September of 2017 and April of 2020, at which time he was arrested and his bond revoked. His trials are now scheduled for January of 2021.

These facts are not the extraordinary circumstances that warrant interfering in the State of Arkansas' judicial processes. Much of the blame for the delay in bring White to trial appears to rest on him. Moreover, this case is not an instance in which White is seeking to enforce the State of Arkansas' obligation to bring him promptly to trial. He is instead seeking the outright dismissal of the charges and his immediate release.

Like United States Magistrate Judge Beth Deere did in <u>Gadson v. Arkansas</u>, a factually similar case, the undersigned recommends that the petition at bar be summarily dismissed without prejudice. A certificate of appealability should also be denied as White cannot make a substantial showing that he was denied a constitutional right. <u>See</u> 28 U.S.C. 2253(c).[3] Judgment should be entered for the respondents.

---

[3] There appears to be conflicting authority on the question of whether a certificate of appealability is required in a case brought pursuant to 28 U.S.C. 2241. <u>See</u> <u>Langella v. Anderson</u>, 612 F.3d 938 (8th Cir. 2010) (no); <u>but</u> <u>see</u> <u>Brown v. Johnson</u>, 2019 WL 5579590 (D.Neb. 2019) (yes, noting <u>Langella</u> involved federal prisoner, not state prisoner). To the extent a certificate is required, it should be denied.

DATED this 14th day of October, 2020.

                                                                _____
                                                                UNITED STATES MAGISTRATE JUDGE

Case 4:20-cv-01205-SWW   Document 2   Filed 10/14/20   Page 6 of 6